[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RE MOTION FOR CONTEMPT AGAINST MICHAEL GRANOFF
The plaintiff Company, a wholesale dealer in fruits and vegetables, seeks to recover damages, including penalties, from Granoff's Wholesale Fruit Inc. (GWF), Michael Granoff, et al. At the outset of this action the plaintiff filed an application for a temporary injunction and for a prejudgment writ of attachment. On March 7, 1994 the parties appeared and all stipulated to a temporary injunction, and an order was entered accordingly.
The injunction ordered by the court enjoined the defendants, Michael Granoff, et al. from transferring, secreting or disposing of their respective assets, except for certain necessary expenses.
On April 26, 1994 the court conducted a hearing on the CT Page 9541 prejudgment remedy application. Shortly before that hearing, on April 24, 1994, the defendants Michael Granoff and Bruce Granoff incorporated a new company called G A Wholesale Fruit Co. (GA). From the beginning of this latter corporation until the middle of May, Michael and Bruce Granoff were the only officers of the new corporation. During that period customers of the original company were contacted and told that GA would carry on with them in the same manner as GWF had previously done business. As stated in plaintiff's brief, in essence GA is in reality nothing more than GWF in a different corporate shell. It has the same business address, substantially the same employees and for a time the same officers and stockholders, customers, and the same suppliers. It may be said that the new company, with some minor differences, is a thinly-veiled replica of its predecessor.
GWF sub-leased its lease to GA and some of its equipment used in the business. It also gave to the new corporation its customers list and its good will. When assets are transferred between virtually identical companies, the purpose of the transfer and their veracity are highly suspect. Such a transfer was a violation of the injunction.
Likewise, the same may be said as to certain other intangible assets, such as corporate goodwill, and its list of customers.
It is noted also that the new corporation had the use of the PACA license granted by the U.S. Department of Agriculture.
These transfers were in violation of the Court's injunction.
At common law an injunctive order binds not only the named defendant but also those identified with such defendant in interest, in priority with it, or subject to its control.DeMartino v. Monroe Little League Inc., 192 Conn. 271, 276-77. A corporate officer, director, or shareholder is bound by the terms of an injunction even though he is not a party thereto, if he has notice or knowledge of the order. Idem. p. 277. Michael Granoff and GWF are both defendants, Michael being a shareholder and officer. Accordingly, in that capacity he should be held accountable for his acts committed.
The court has had the benefit of excellent briefs by counsel.
A finding of contempt may enter against Michael Granoff. CT Page 9542
As to the other relief, including sanctions and penalties, the court will hear the parties further on September 27, 1994 at 10 a.m.
John M. Alexander State Judge Referee